CHIBE JUSTICE ROBBRTSOU
delivered the opinion op the court.
J. H. Carter, owning a grocery-store in Cynthiana, made an ostensible sale of the stock to his son, B. N. Carter, who in a few days removed it to another house which he rented, and in which he carried on the business of selling the articles, and from time to time keeping up the stock by the purchase of fresh supplies from Cincinnati. While he was thus conducting the store in his own name, some of his father’s creditors, charging collusion in the sale, attached the stock, old and new, as the father’s property. Some of the son’s creditors who sold him fresh supplies also issued executions against the same blended stock, and claimed priority as to the articles sold by them. By consent the entire stock was sold, subject to the final decree of the court as to the alleged fraud and as to distribution.
The circuit court adjudged the contract between the father and son fraudulent as against the father’s creditors, and distributed the proceeds of sale among attaching creditors.
While the imputed fraud is not conclusively established, the badges are such as not to allow this court to reverse the decree on that point.
But the execution creditors of the son are entitled to the proceeds of the sale of the articles sold to him by them, and which, being his own property, were not subject to his father’s debts. While he is liable personally for so much of the original stock as he had sold, the attachments operate as a lien *259 on only the original stock of goods claimed as his father’s by ■ the attaching creditors of the father, there being no proof that the new supplies were in any available sense the father’s. Besides, the attachments were discharged by a decree over which the circuit court had no power when its final decree as to distribution was rendered.
It appears that about two thirds of the articles sold by the chancellor’s order were bought by the son on his own credit, in Cincinnati, and the execution creditors are entitled to the proceeds of those articles when ascertained.
Wherefore the judgment is reversed, and the cause remanded for further proceedings for ascertaining the amount to which, according to this opinion, the execution creditors are entitled, and that which should be allotted to attaching creditors, and for a final decree accordingly.